UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
BECARREN DANIKA SCHULTZ,
    Debtor.                                       No. 13-08-14454 SA

BECARREN DANIKA SCHULTZ,
    Plaintiff,
v.                                                 Adv. No. 09-1010 S

RICK HOMANS, Secretary of NM
Taxation and Revenue, and
STATE OF NEW MEXICO TAXATION
AND REVENUE DEPARTMENT,
    Defendant.

## MEMORANDUM OPINION ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Defendants' Motion to Dismiss (doc 4) and Plaintiff's Response (doc 6). Plaintiff appears through her attorney Jeffrey A. Goldberg. Defendants appear through Gary K. King, New Mexico's Attorney General (James C. Jacobsen, Assistant Attorney General). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). For the reasons set forth below, the Court finds that the case should be dismissed.

### THE COMPLAINT

This adversary complaint was filed on January 22, 2009 at 10:53 A.M. The complaint describes itself as an action brought by the Debtor for contempt of court, and for injunctive and declaratory relief. Plaintiff is a Chapter 13 Debtor in a case filed on December 30, 2008. On December 31, 2008, Defendants filed a proof of claim in the amount of $1,000, asserting priority status for an unfiled 2007 personal income tax return.

On January 7, 2009, Defendants objected to confirmation on the grounds that the 2007 income tax return was unfiled.  In fact, Debtor had filed her 2007 income tax return on or about December 19, 2007 and it showed no taxes due.  Plaintiff claims that Defendants failed to make a reasonable factual inquiry as to whether the Debtor had filed her income tax return, that the Defendants filed a proof of claim without a reasonable factual basis for estimating the Debtor's tax liability, and failed to make a reasonable factual inquiry as to the basis for objecting to confirmation of the plan.  Debtor filed her schedules and statements with the bankruptcy petition and a cursory review of the filed documents would have revealed that the $1,000 claim was over-stated.  Plaintiff argues that Defendants have a duty to the Court and to the Debtor to make a reasonable review of their own records and to establish appropriate steps and procedures to determine whether an income tax return has been filed and to determine the amounts of any tax liability before filing claims.  Plaintiffs argue that the proof of claim in this case was false and fraudulent and violated criminal statutes and Rule 9011.  Plaintiff further alleges that this is not an isolated incident, but only a single case in an overall pattern and practice in a widespread and systematic plan to prejudice the rights of debtors.  Plaintiff seeks an order declaring that Defendants are engaged in a pattern of filing false claims and objections that

is contumacious and displays a disrespect for the Court, a preliminary and permanent injunction enjoining Defendants from filing false and deceptive claims and objections in this or any other case before the Court, requiring the Defendants to conduct an investigation into all cases in which they have filed proofs of claims or objections to verify their accuracy, and requiring an action plan for all future bankruptcy cases and for the Defendants to report back on the results. It also seeks attorney fees and costs in bringing this action. The complaint alleges no actual damages as a result of the proof of claim or the objection to confirmation.

The Court has reviewed the bankruptcy file and claims file in this case, and takes judicial notice of docket item 14, filed on January 22, 2009 at 4:51 P.M., which is a withdrawal of objection to confirmation, and the amendment to claim number 1 by Defendant on January 22, 2009 amending the claim to zero. The Court also finds that the Debtor's plan was confirmed on February 10, 2009.

**DISCUSSION**

Under Article III of the Constitution, jurisdiction of federal courts is limited to cases and controversies. U.S. Const. art. III, § 2. The doctrines of standing and mootness are essential parts of the case-or-controversy requirement.

Fed.R.Civ.P. 12(h)(3) states "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "[T]he federal courts are obliged to police the constitutional and statutory limitations on their jurisdiction." Kanzelberger v. Kanzelberger, 782 F.2d 774, 777 (7th Cir. 1986). See also Utah Animal Rights Coalition v. Salt Lake City Corp., 371 F.3d 1248, 1255 (10th Cir. 2004)("The Constitution commands that we determine whether an Article III case or controversy is before us, whether or not the issue has been properly raised by the parties.") Both standing and mootness are threshold jurisdictional issues. Yellow Cab Co-op. Ass'n. V. Metro Taxi, Inc. (In re Yellow Cab Co-op. Ass'n.), 132 F.3d 591, 594 (10th Cir. 1997). See also Warth v. Seldin, 422 U.S. 490, 498 (1975)(The existence of a case or controversy is the threshold question in every federal case.)

In this case Defendant has not filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

> Although Defendant has not filed a Rule 12(b)(1) motion in the instant action, the Court is permitted to raise the issue of subject matter jurisdiction sua sponte. See Daily v. City of Phila., 98 F.Supp.2d 634, 636 (E.D. Pa. 2000) ("Lack of subject matter jurisdiction may be raised at any time by the court sua sponte." ); see also Meritcare v. St. Paul Mercury Ins., 166 F.3d 214, 217 (3d Cir. 1999) ("A federal court has the obligation to address a question of subject matter jurisdiction sua sponte." ), abrogated on other grounds by Exxon Mobil Corp. v. Allapattah, 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).

Johnson v. United States, 2009 WL 2762729 at *2 (M.D. Pa. 2009).

Case 09-01010-s    Doc 8    Filed 10/08/09    Entered 10/08/09 15:29:51 Page 4 of 9

**STANDING LAW**

In <u>Board of County Commissioners of Sweetwater County v. Geringer</u>, 297 F.3d 1108, 1111-12 (10th Cir. 2002), the Court of Appeals for the Tenth Circuit described the requirements of standing in considerable detail:

> "The standing inquiry requires us to consider 'both constitutional limits on federal-court jurisdiction and prudential limitations on its exercise.' " <u>Sac & Fox Nation of Mo. v. Pierce</u>, 213 F.3d 566, 573 (10th Cir.2000) (quoting <u>Warth v. Seldin</u>, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). Constitutional standing derives from Article III of the U.S. Constitution, which restricts federal courts' jurisdiction to suits involving an actual case or controversy. <u>Schaffer v. Clinton</u>, 240 F.3d 878, 882 (10th Cir.2001) (citing <u>Allen v. Wright</u>, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)). To satisfy constitutional standing requirements, a plaintiff must demonstrate the presence of three elements:
>> (1) "injury in fact"-meaning "the invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal relationship between the injury and the challenged conduct"-meaning that the "injury fairly can be traced to the challenged action of the defendant"; and (3) "a likelihood that the injury will be redressed by a favorable decision"-meaning that the "prospect of obtaining relief from ... a favorable ruling is not too speculative."
>
> <u>Buchwald [v. University of New Mexico School of Medicine]</u>, 159 F.3d [487] at 493 (10th Cir. 1998) (quoting <u>Northeastern Fla. Chapter of the Associated Gen. Contractors of Am. v. City of Jacksonville</u>, 508 U.S. 656, 663-64, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993)); <u>see also</u> <u>Bennett v. Spear</u>, 520 U.S. 154, 163, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) ("To satisfy the 'case' or 'controversy' requirement of Article III, which is the 'irreducible constitutional minimum' of standing, a plaintiff must, generally speaking, demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the

Case 09-01010-s    Doc 8    Filed 10/08/09    Entered 10/08/09 15:29:51 Page 5 of 9

defendant, and that the injury will likely be redressed by a favorable decision.") (quoting, inter alia, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). At its core, we have explained, constitutional standing requires a court "to ask not only whether an injury has occurred, but whether the injury that has occurred may serve as the basis for a legal remedy in the federal courts." Schaffer, 240 F.3d at 883.

In addition to satisfying the prerequisites for constitutional standing, a plaintiff must also meet, generally speaking, the requirements of prudential standing, a judicially-created set of principles that, like constitutional standing, places "limits on the class of persons who may invoke the courts' decisional and remedial powers." Warth, 422 U.S. at 499, 95 S.Ct. 2197; see also Allen, 468 U.S. at 751, 104 S.Ct. 3315 (describing prudential standing as "judicially self-imposed limits on the exercise of federal jurisdiction"). Under a prudential standing inquiry, a party that has satisfied the requirements of constitutional standing may nonetheless be barred from invoking a federal court's jurisdiction. Bennett, 520 U.S. at 163, 117 S.Ct. 1154; Warth, 422 U.S. at 499, 95 S.Ct. 2197. Like its constitutional counterpart, prudential standing establishes three conditions a party must overcome before invoking federal court jurisdiction. First, a plaintiff must assert his "own rights, rather than those belonging to third parties." Sac & Fox Nation, 213 F.3d at 573; see also Warth, 422 U.S. at 499, 95 S.Ct. 2197 (explaining that a plaintiff "cannot rest his claim to relief on the legal rights or interests of third parties"). Second, the plaintiff's claim must not be "a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens." Warth, 422 U.S. at 499, 95 S.Ct. 2197; see also Allen, 468 U.S. at 751, 104 S.Ct. 3315 (explaining that generalized grievances should normally be directed to the legislative, as opposed to judicial, branches of government). Third, prudential standing requires that "a plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit." Bennett, 520 U.S. at 163, 117 S.Ct. 1154.

When ruling on a motion to dismiss for want of standing, the Court must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party. Warth, 422 U.S. at 501.

**MOOTNESS**

A case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest. Yellow Cab, 132 F.3d at 594-95 (citing County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)). "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997)(quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). Therefore, events subsequent to the filing of a case may moot it. Id. at 72. "Mootness has been described as 'the doctrine of standing set in a time frame: the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" Id. at 68 n.22 (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980)).

**CONCLUSIONS OF LAW**

When Defendant withdrew its proof of claim and its objection to confirmation of Debtor's plan, the case became moot as to any relief Debtor was seeking on her own behalf. The Court could no

longer fashion a remedy that would impact her in any meaningful real life way. Her only remaining claims are abstract and not concrete. The Court therefore lost its jurisdiction over claims she sought on her own behalf.

As to the claims she is seeking on others' behalves (i.e., the injunction sought to prevent filing of false claims in other persons' bankruptcies, the review of claims already filed in other bankruptcies, the restructuring of the tax department's internal workings, etc.) Debtor never had the standing to seek that relief. "[S]tanding to sue may not be predicated upon an interest ... which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 220 (1974). Debtors' remedies, if any, lie with the legislative branch of government. See also Chrisman v. Comm'r., 82 F.3d 371, 372 (10th Cir. 1996)(Plaintiff lacked standing to mount sweeping challenges to IRS' practices[1].)

Plaintiff's claims for attorney fees and costs should be denied.

The Court will enter an Order dismissing this adversary complaint for lack of standing and mootness.

---

[1]The Chrisman court also found that plaintiff's requests for declaratory relief as to the proper administration of the Internal Revenue Code were tantamount to requests for advisory opinions, which federal courts are prohibited from providing. 82 F.3d at 373.

Case 09-01010-s    Doc 8    Filed 10/08/09    Entered 10/08/09 15:29:51 Page 8 of 9

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

date entered on docket: October 8, 2009

Copies to:

Jeffrey A Goldberg
Attorney for Plaintiff
PO Box 254
Albuquerque, NM 87103-0254

James C Jacobsen
Attorney for Defendants
111 Lomas NW Ste 300
Albuquerque, NM 87102-2368